IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| I.D., a minor child, by her mother and natural guardian, ELIZABETH DUNN,<br><br>Plaintiff,<br><br>v.<br><br>WETUMPKA PRE-SCHOOL & CHILD DEVELOPMENT CENTER, LLC, EMMETT JOHNSON, and DEBORAH DAVIS,<br><br>Defendants. | CIVIL ACTION NO. 2:16-CV-183-WHA<br><br>(wo) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on Defendants' Motions to Dismiss (Doc. #6, 16, 19).[1]

The Plaintiff filed a Complaint in this case on March 18, 2016 and an Amended Complaint April 20, 2016. In the original Complaint the Plaintiff brings claims for violations of the Americans with Disabilities Act, 42 U.S.C. §12181 et. seq. ("ADA"), over which this court has original jurisdiction, and various state law claims. After the Motion to Dismiss was filed as to Count Ten, the Plaintiff filed an Amended Complaint. The Plaintiff brings claims for violation of the ADA (Counts One and Two); denial of participation (Count Three), negligence (Counts Four, Five, and Six), wantonness (Counts Seven, Eight, and Nine), and outrageous conduct (Count Ten).

---

[1] The Motion to Dismiss Count Ten of the Amended Complaint (Doc. #16) was filed by Wetumpka Pre-School & Child Development Center, L.L.C; Deborah Davis; and Emmitt Johnson. Document 19 is a separate Joinder by Emmitt Johnson in Wetumpka Pre-School & Child Development Center, L.L.C and Deborah Davis' Motion to Dismiss Count Ten of the Complaint (Doc. #6).

Count Ten, a claim for outrageous conduct, is the subject of all of the pending Motions to Dismiss.

For reasons to be discussed, the Motion to Dismiss Count Ten of the original Complaint is due to be DENIED as moot, and the Motion to Dismiss Count Ten of the Amended Complaint is due to be DENIED.

## II.   MOTION TO DISMISS STANDARD

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009).    "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.   FACTS

The allegations of the Plaintiff's Amended Complaint, relevant to Count Ten of the Amended Complaint, are as follows:

Plaintiff, I.D., attended Wetumpka Preschool and Child Development Center, L.L.C. ("Wetumpka Preschool") from January 2013 until August 2014. Emmett Johnson ("Johnson")[2] is the owner of Wetumpka Preschool. Deborah Davis ("Davis") is employed as the director of the preschool.

I.D. has Down Syndrome. Her condition limits her ability to care for herself, perform certain tasks, speak, think, and communicate. When I.D. began attending Wetumpka Preschool, Davis assured I.D.'s mother, Elizabeth Dunn ("Dunn"), that the school had a curriculum that provided Down Syndrome children with appropriate attention, therapy needs, and addressed all developmental concerns. When I.D. began attending Wetumpka Preschool she was able to crawl, and around January or February of 2014 she was able to walk. When I.D. began walking, Dunn told Wetumpka Preschool that I.D.'s physical therapist told her that I.D. would not need therapy if I.D. remained active. The Plaintiff alleges that the restraint of I.D. disrupted her development in walking and its associated psychological developments. (Doc. #13 at ¶22).

In August 2014, six to seven months after I.D. began walking, Dunn arrived at the Wetumpka Preschool and saw I.D. strapped into a high chair while the other children were playing. Dunn discovered it was the Wetumpka Preschool's policy to confine I.D. to a high chair at a minimum of four hours a day, but for potentially many more hours. The restraint for extended periods of time each day caused I.D. physical discomfort. (Doc. #13 at ¶82). Dunn also discovered that I.D. had been strapped into the high chair when she was crawling as well. I.D. was only removed from the high chair for a two-hour nap and to play outside, if the weather was nice. Dunn alleges in the Amended Complaint that when she confronted Johnson about the

---

[2] In the Amended Complaint, Johnson is referred to as "Emmett Johnson," but in the Motion to Dismiss, he is referred to as "Emmitt Johnson." (Doc. #16).

restraint policy, he told her that I.D. is a special needs child and that is how she "needs to be treated." (Doc. #13 at ¶ 21). The Plaintiff also alleges that Dunn is willing for I.D. to return to the preschool if there is an injunction against the school prohibiting discrimination. (Doc. #13 at ¶24). The Amended Complaint alleges that I.D. could see and understand that she was strapped in the high chair for hours while other children played (Doc. #13 at ¶23) and that she was caused emotional pain. (Doc. #13 at ¶82).

## IV.   DISCUSSION

Because an Amended Complaint was filed, taking the place of the pleadings, the first Motion to Dismiss, which is directed to the superseded original Complaint, is due to be DENIED as moot.

As to Count Ten of the Amended Complaint, the Defendants argue that even accepting the allegations of fact relevant to Count Ten as true, the facts do not rise to the threshold level of conduct for an outrageous conduct claim in Alabama.

Under Alabama law the tort of outrageous conduct requires the plaintiff to show that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it. *Little v. Robinson,* 72 So. 3d 1168, 1172 (Ala. 2011).

The Defendants seek to distinguish authorities cited by the Plaintiff, such as *Vicky M. v. Northeastern Educational Intermediate Unit 19*, 486 F. Supp. 2d 437 (M.D. Pa.), *reconsideration granted on other grounds by*, 2007 WL 2844428 (M.D. Pa. 2007), which involved abuse of a disabled student in an education context, arguing that there is no allegation of physical abuse against I.D. The Defendants also cite to an allegation of the Amended Complaint which states that Dunn is willing to allow I.D. to remain a student at the Preschool as

long as there is an injunction prohibiting the discrimination and argues that this allegation of the Amended Complaint undermines any allegation that there was emotional distress so severe that no reasonable person could be expected to endure it.

As the Defendants have noted, Alabama case law has made it clear that the tort of outrageous conduct is an extremely limited cause of action. *Little*, 72 So. 3d at 1173. Some cases have noted specific types of conduct which have been held to fall within the limits of outrageous conduct, but the Supreme Court of Alabama has specifically held that the tort is not limited to specific categories of conduct, but instead "is viable only when the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* The instant case, therefore, is not precluded by category from stating a claim for outrageous conduct. In fact, this court has previously denied a motion to dismiss as to an outrageous conduct claim brought on behalf of a disabled student who was improperly restrained in a chair as a behavioral restraint while at school. *See D.D. v. Chilton Cnt'y Bd. of Educ.*, 655 F. Supp. 2d 1191 (M.D. Ala. 2009). Therefore, the court will turn to the facts alleged as to each element of the tort. *See Little,* 72 So. 3d at 1172.

The Amended Complaint alleges that Dunn was assured that there was a curriculum suited for Down's syndrome children, but that when lengthy periods of restraint were used, Johnson told Dunn her she had a special needs child and restraint was how she "needs to be treated." (Doc. #13 at ¶¶14, 21). The Amended Complaint also alleges that the Defendants knew that I.D. needed to be active or would require physical therapy. (Doc. #13 at ¶ 22). This is sufficient to allege the first element of intentional or reckless conduct. *Little,* 72 So. 3d at 1172. The allegations of Johnson's comments, along with the allegation of the length of restraint time, and allegations that I.D. was caused physical discomfort, emotional pain, and developmental delays, sufficiently alleges the

second element of conduct which is extreme and outrageous. *Id.* The mere fact that the Amended Complaint acknowledges that there were times when I.D. was not restrained does not undermine the outrageousness of the conduct given the allegation that the restraints imposed were counter to the advice of the physical therapist. Further, this court cannot agree with the Defendants, in light of the allegations of the Amended Complaint that restraint in the high chair for at least four hours a day caused I.D. physical discomfort (Doc. #13 at ¶82) and caused disruption of I.D.'s development in walking, that there is no allegation of physical abuse in this case. The Amended Complaint also alleges, regarding the final element of severe emotional distress, that due to the Defendants' actions, I.D. suffered disruption in her psychological development, that I.D. could see and understand that other children played for hours while she was strapped in the high chair, and that I.D. suffered emotional pain. (Doc. #13 at ¶¶23, 82). The allegation that I.D.'s mother would again send I.D. to the preschool *if* the challenged conduct were enjoined does not defeat the claim because, while perhaps relevant, her mother's child care decision does not necessarily undercut the level of distress which I.D., the Plaintiff, is alleged to have suffered.

Ultimately, it may be that upon development of facts, the Plaintiff will be unable to establish a claim for outrageous conduct. At this point in the proceedings, however, the court concludes that the Plaintiff has sufficiently alleged facts to withstand a Motion to Dismiss as to her outrageous conduct claim.

V. **CONCLUSION**

For reasons discussed, it is hereby ORDERED as follows:

1. The Motions to Dismiss (Doc. #6 and #19) for failure to state a claim are DENIED as moot.

2. The Motion to Dismiss Count Ten of the Amended Complaint (Doc. #16) is

    DENIED.

DONE this 8th day of June, 2016.

                                        /s/  W. Harold Albritton

                                        W. HAROLD ALBRITTON
                                        SENIOR UNITED STATES DISTRICT JUDGE