IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| I.D., a minor child, by her mother and natural guardian, ELIZABETH DUNN, ) ) ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-183-WHA |
| ) | |
| WETUMPKA PRE-SCHOOL & ) CHILD DEVELOPMENT CENTER, ) LLC, EMMETT JOHNSON, ) and DEBORAH JOHNSON, ) ) | (wo) |
| Defendants. ) | |

## **ORDER**

This cause is before the court on Elizabeth Dunn's request to proceed pro se and to allow her to submit completed American Family Trust documents.

I.D., the Plaintiff in this case, is a minor on whose behalf Elizabeth Dunn has brought this case, through her attorney of record. A Guardian Ad Litem has been appointed to represent the interests of the child. A settlement was entered into for I.D.'s benefit.

Ms. Dunn cannot proceed pro se because I.D. is the Plaintiff, not Ms. Dunn, and while Ms. Dunn can bring suit on behalf of her minor child, "a non-lawyer parent has no right to represent a child in an action in the child's name." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008).

The court's Order Approving Settlement (Doc. #69) directed "the mother and natural guardian of I.D., Elizabeth Dunn, and I.D.'s counsel, with assistance of the guardian ad litem, to set up a Special Needs Trust with Alabama Family Trust Corporation as Trustee in the form of the Alabama Family Trust submitted to the court. (Doc. #63-1)."

The Order then provided that "Elizabeth Dunn is ORDERED to complete all documents necessary to establish the Alabama Family Trust and to submit the documents, fully-executed by her and by Alabama Family Trust Corporation, as Trustee, for approval of the court, together with directions from the Trustee as to how the payment of funds from the court should be directed. No settlement funds shall be released until has been done and further order of the court entered." (Doc. #69 p.8).

Although the law does not allow Ms. Dunn to proceed herself, pro se, in this case, the court accepts the document filed as an exhibit to her motion as an attempt to comply with the court's Order. Lacking at this time, however, is the participation of the Guardian Ad Litem in this process, as well as directions from the Trustee as to how the payment of funds should be directed.

Therefore, it is hereby ORDERED as follows:

1. The Motion to Proceed Pro Se is DENIED, but the court will consider the submission made by Ms. Dunn.

2. The Clerk is DIRECTED to SEAL Ms. Dunn's American Family Trust document which she submitted as an exhibit to her motion.

3. The Guardian Ad Litem is to confer with counsel for the parties, with Ms. Dunn, and with American Family Trust and file a report with the court as to completion of compliance with all of the requirements of the court's Order Approving Settlement so that this case may be closed and I.D. may begin receiving the benefits of the settlement.

DONE this 28th day of September, 2017.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE